Joseph K. Jones (002182006)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff(s)*

| | |
|---|---|
| BRENDAN REMPEL, on behalf of himself and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH COUNTY |
| Plaintiff(s), | |
| -against- | CIVIL ACTION |
| | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FAY SERVICING, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, BRENDAN REMPEL, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants, FAY SERVICING, LLC ("FAY SERVICING"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in Monmouth County because the Plaintiff resides there, and the acts of the Defendant that give rise to this action occurred in substantial part, in Monmouth County.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FAY SERVICING maintains a location at 425 S. Financial Place, 20th Floor, Chicago, Illinois 60605.

8. FAY SERVICING uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. FAY SERVICING is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 4:32 of the New Jersey Rules of Court, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who FAY SERVICING collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent initial letters and/or notices from FAY SERVICING (See Exhibit A), which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except

that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to February 23, 2022, Plaintiff allegedly incurred a financial obligation/debt which Defendant is attempting to collect.

16. The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transactions, was primarily for personal, family or household purposes.

17. Plaintiff incurred the obligation in connection with a residential mortgage.

18. Plaintiff did not incur the obligation for business purposes.

19. The obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. On or before February 23, 2022, the obligation was referred to FAY SERVICING for the purpose of collections.

21. FAY SERVICING caused to be delivered to Plaintiff a letter dated February 23, 2022, which was addressed to Plaintiff regarding the obligation.  See **Exhibit A**, which is fully incorporated herein by reference.

22. The February 23, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The February 23, 2022 letter was the initial written communication sent from FAY SERVICING to the Plaintiff regarding the obligation.

24. Upon receipt, Plaintiff read the February 23, 2022 letter.

25. The February 23, 2022 letter advised that Defendant is the servicer of the mortgage "on behalf of MILL CITY MORTGAGE LOAN TRUST 2018-4 WILMINGTON SAVINGS FUND SOCIETY FSB AS TRUSTEE."

26. FAY SERVICING admitted that it was a debt collector in its February 23, 2022 letter:

> Fay Servicing, LLC is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.

27. In the February 23, 2022 letter, Defendant advised Plaintiff that:

> You have a right to cure your default. To cure the default, you must pay the full amount of the default on this loan by 03/30/2022 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

28. The February 23, 2022 letter also stated the following:

As of the date of this notice, the total amount required to cure the default is $75,702.46, which consists of the following:

| | | |
|---|---|---:|
| Next Payment Due Date: | | 08/01/2020 |
| Total Monthly Payments Due: | | $73,379.13 |
| 08/01/2020 | at | $3,584.47 |
| 09/01/2020 | at | $3,584.47 |
| 10/01/2020 | at | $3,584.47 |
| 11/01/2020 | at | $3,968.15 |
| 12/01/2020 | at | $3,968.15 |
| 01/01/2021 | at | $3,968.15 |
| 02/01/2021 | at | $3,968.15 |
| 03/01/2021 | at | $3,968.15 |
| 04/01/2021 | at | $3,968.15 |
| 05/01/2021 | at | $3,968.15 |
| 06/01/2021 | at | $3,968.15 |
| 07/01/2021 | at | $3,968.15 |
| 08/01/2021 | at | $3,968.15 |
| 09/01/2021 | at | $3,968.15 |
| 10/01/2021 | at | $3,968.15 |
| 11/01/2021 | at | $3,751.98 |
| 12/01/2021 | at | $3,751.98 |
| 01/01/2022 | at | $3,751.98 |
| 02/01/2022 | at | $3,751.98 |
| Late Charges: | | $1,599.08 |
| Other Charges: | | |
| Other Fees: | | $12.00 |
| Corporate Advance Balance: | | $724.25 |
| Unapplied Balance: | | $0.00 |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**        **$75,702.46**

You have the right to cure the default. You may cure the default by paying the aforesaid amount by bank check, money order, or certified funds so that it is received at the following address on or before 03/30/2022. Please note any additional monthly payments, late charges and other charges that may be due under the Note, Security Instrument and applicable law after the date of this notice must also be paid to bring your account current.

29.     The February 23, 2022 letter does not explain or itemize the assessment of $724.25 which was labelled as "Corporate Advance Balance."



30. The February 23, 2022 provided the following notice:

### NOTICE REQUIRED BY THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. SECTION 1601 AS AMENDED

1. The principal balance due on the debt, as of the date of this letter is $922,819.03. This amount does not include any interest, other charges, foreclosure or bankruptcy fees and costs which have been, or maybe, incurred in the future.

2. The debt referred to in the preceding Notice of Intention to Foreclose evidenced by the copy of the Mortgage and Note, will be assumed valid by the creditor, unless debtor, within thirty (30) days after the receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof.

3. If the debtor notifies the creditor, in writing, within thirty (30) days of the receipt of this Notice, that the debt, or any portion thereof, is disputed, the creditor will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor.

4. If the creditor, specified in the preceding Notice of Intention to Foreclose, is not the original creditor, and if the debtor makes a written request to the creditor within thirty (30) days from the receipt of the Notice, the name and address of the original creditor will be mailed to the debtor by the creditor.

5. Written requests should be addressed to:

   FAY SERVICING, LLC
   425 S. Financial Place, 20th Floor
   Chicago, IL 60605

31. Defendant's February 23, 2022 letter caused Plaintiff to be confused.

32. Plaintiff did not know who the creditor of the debt was as the only disclosure was that Defendant was the servicer "on behalf of MILL CITY MORTGAGE LOAN TRUST 2018-4 WILMINGTON SAVINGS FUND SOCIETY FSB AS TRUSTEE."

33. Plaintiff did not know which of the balances provided by the Defendant was the amount of the debt - $75,702.46 or $922,819.03 plus interest and other charges, which was required to be disclosed under the Notice required by the Fair Debt Collection Practices Act.

34. Plaintiff was not sure which of the balances provided by the Defendant would cure the default of the debt - $75,702.46 or $922,819.03 plus interest and other charges.

35. Plaintiff was left unsure what the "Corporate Advance Balance" consisted of and whether it was a valid part of the debt.

36. FAY SERVICING knew or should have known that its actions violated the FDCPA.

37. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

38. It is FAY SERVICING's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Making a false representation of the amount of the debt;

    (c) Failing to state the name of the creditor to whom the debt is owed and failing to state the correct amount of the debt;

    (d) Failing to effectively convey the mount of the debt; and

    (e) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

39. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 50 natural persons in New Jersey within one year of this Complaint.

## COUNT I
## NEW JERSEY DECLARATORY JUDGMENT ACT

40. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41. As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

42. Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

43. Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the Plaintiff's rights and the FDCPA as alleged herein.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

44. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

45. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

47. Defendants' representations violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); § 1692e(10); §1692g et seq.; §1692g(a)(1); §1692g(a)(3); and §1692g(b).

48. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

49. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

50. Defendant falsely represented the amount of the debt.

51. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

52. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

53. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the amount of the debt.

54. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

55. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

56. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

57. Defendant violated 15 U.S.C. § 1692g by failing to effectively convey the information required by same.

58. As described herein, Defendant's letter violated 15 U.S.C. § 1692g et seq.

59. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(1) through (5).

60. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to provide the amount of the debt.

61. Defendant violated 15 U.S.C. § 1692g(a)(1) by providing contradictory amounts of the debt.

62. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

63. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to clearly identify the name of the creditor to whom the debt is owed.

64. Defendant violated 15 U.S.C. § 1692g(a)(3) by imposing a requirement that disputes must be in writing.

65. Defendant violated 15 U.S.C. §. 1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

66. Defendant's violation of 15 U.S.C. § 1692g *et seq*., is material to the least sophisticated consumer as it effects his decision making process as to how to respond and/or dispute the debt.

67. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

68. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel pursuant to R.4:32;

(b) Awarding Plaintiff and the Class statutory damages;

   (c)  Awarding attorneys' fees and costs;

   (d)  Awarding post-judgment interest.

   (e)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Joseph K. Jones, Esq., is designated as trial counsel for Plaintiff.

## RULE 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge, information, and belief at this time, that the matter in controversy is not the subject matter of any other action pending in any other court, and that no parties other than those listed herein should be joined in this matter.

Dated: October 31, 2022

                 *s/ Joseph K. Jones*
                 Joseph K. Jones (002182006)
                 JONES, WOLF & KAPASI, LLC
                 375 Passaic Avenue, Suite 100
                 Fairfield, New Jersey 07004
                 (973) 227-5900 telephone
                 (973) 244-0019 facsimile
                 jkj@legaljones.com
                 *Attorneys for Plaintiff*

# EXHIBIT A



Sent Via First-Class Mail®

02/23/2022

Brendan Rempel

████████████████████████

Loan Number: ███████
Property Address: ████████████████

## NOTICE OF INTENTION TO FORECLOSE

Dear Brendan Rempel:

You are hereby provided formal notice by Fay Servicing, LLC, the Servicer of the above-referenced loan acting on behalf of Mill City Mortgage Loan Trust 2018-4 Wilmington Savings Fund Society FSB as Trustee at 500 Delaware Ave 11th FL Wilmington DE 19801 Attn: Corporate Trust Administration - MCMLT 2015-1, the Creditor to whom the debt is owed, that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

You have a right to cure your default. To cure the default, you must pay the full amount of the default on this loan by 03/30/2022 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). If you do not cure the default by this date, Fay Servicing, LLC may accelerate the sums secured by the Security Instrument and take steps to terminate your ownership in the property by commencing a foreclosure suit in a court of competent jurisdiction. You have the right to reinstate the loan after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense to acceleration and foreclosure. If the mortgage is foreclosed, the mortgaged property will be sold by the sheriff or Court appointed official to pay off the mortgaged debt.

As of the date of this notice, the total amount required to cure the default is $75,702.46, which consists of the following:

| | | |
|---|---|---|
| Next Payment Due Date: | | 08/01/2020 |
| Total Monthly Payments Due: | | $73,379.13 |
| 08/01/2020 | at | $3,584.47 |
| 09/01/2020 | at | $3,584.47 |
| 10/01/2020 | at | $3,584.47 |
| 11/01/2020 | at | $3,968.15 |
| 12/01/2020 | at | $3,968.15 |
| 01/01/2021 | at | $3,968.15 |
| 02/01/2021 | at | $3,968.15 |
| 03/01/2021 | at | $3,968.15 |
| 04/01/2021 | at | $3,968.15 |
| 05/01/2021 | at | $3,968.15 |



W_NJ_NOI   Rev.11/2021
Page 1 of 11

| | | |
|---|---|---|
| 06/01/2021 | at | $3,968.15 |
| 07/01/2021 | at | $3,968.15 |
| 08/01/2021 | at | $3,968.15 |
| 09/01/2021 | at | $3,968.15 |
| 10/01/2021 | at | $3,968.15 |
| 11/01/2021 | at | $3,751.98 |
| 12/01/2021 | at | $3,751.98 |
| 01/01/2022 | at | $3,751.98 |
| 02/01/2022 | at | $3,751.98 |
| Late Charges: | | $1,599.08 |
| Other Charges: | | |
| Other Fees: | | $12.00 |
| Corporate Advance Balance: | | $724.25 |
| Unapplied Balance: | | $0.00 |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**            $75,702.46

You have the right to cure the default. You may cure the default by paying the aforesaid amount by bank check, money order, or certified funds so that it is received at the following address on or before 03/30/2022. Please note any additional monthly payments, late charges and other charges that may be due under the Note, Security Instrument and applicable law after the date of this notice must also be paid to bring your account current. Please contact a Fay Servicing, LLC representative at 8004957166 to determine the exact amount due and to arrange for payment. Please include your loan number and property address with your payment and send to:

Fay Servicing, LLC
Attn: James Palikan
PO Box 88009
Chicago, IL 60680-1009
8004957166

Once we begin foreclosure proceedings, you shall still have the right at any time, up to the entry of final judgment or the entry by the court of an order of redemption, to cure the default and reinstate your loan. You may do this by making a payment in the form of a money order or certified funds, of all sums due necessary to bring the loan current including late or other charges that are due such as all court costs and attorney's fees in the amount which shall not exceed the amount permitted under the Rules Governing the Courts of the State of New Jersey. You must also perform any other obligations required under the note and security instrument.

At any time after default, you may transfer your property to another person, subject to the security interest, and that person may have the right to cure the default, if the mortgage documents allow.

Your lender is either licensed in accordance with the New Jersey Residential Mortgage Lending Act, or exempt from licensure under the Act in accordance with applicable law.

**RIGHT TO SEEK LEGAL COUNSEL**

You are hereby advised to seek legal advice from an attorney of your own choosing concerning your rights under the mortgage documents and the Fair Foreclosure Act. If you are unable to pay for an attorney, call a legal service office. An individual non-eligible for free legal assistance may obtain a referral to an attorney by calling the New Jersey Bar Association or the LAWYER REFERRAL SERVICE for the county in which the

property is located. A list of legal service offices is attached.

## POSSIBLE FINANCIAL ASSISTANCE

You are hereby advised that there may be financial assistance available to help you cure your default through programs operated by the State, Federal and numerous non-profit organizations, as identified by the New Jersey State Commissioner of Banking. A list of governmental and non-profit entities is attached.

You are entitled to housing counseling, at not cost to you, through the Foreclosure Mediation Program established by the New Jersey Judiciary. You may contact the Foreclosure Mediation Program by calling (609) 421-6100 or writing to Superior Court Clerk's Office, Foreclosure Mediation, P.O. Box 971, 25 Market Sreet, Trenton, New Jersey 08625.

## FORECLOSURE MEDIATION PROGRAM

If Fay Servicing, LLC commences a mortgage foreclosure suit in a court of competent jurisdiction, you have the option to participate in the Foreclosure Mediation Program following the filing of the mortgage foreclosure complaint by initiating mediation in accordance with New Jersey Court rules. Please see enclosed notice entitled "**It May be Possible to Save Your Home**" for more information.

## NOTICE CONCERNING POSSIBLE RECEIVERSHIP

If the property which is the subject of the mortgage has more than one dwelling unit but less than five, one of which is occupied by you or a member of your immediate family as your residence or immediate family member's residence at the time the loan is originated, and is not properly maintained and meets the necessary conditions for receivership eligibility, established pursuant to section 4 of the "Multifamily Housing Preservation and Receivership Act," P.L.2003,c.295 (C.2A:42-117), Fay Servicing, LLC shall file an order to show cause to appoint a receiver.

If foreclosure proceedings are undertaken, we may pursue a deficiency judgment, if permitted by applicable law. Failure to respond to this letter may result in the loss of your property.

**To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address, and telephone number.**

**Fay Servicing, LLC is a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies by Fay Servicing, LLC.

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Fay Servicing, LLC immediately. When contacting Fay Servicing, LLC as to your military service, you must provide positive proof as to your military



status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact James Palikan toll-free at 1-800-495-7166 if you have questions about your rights under SCRA.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call 1-800-569-4287 or visit http://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may also contact the Homeownership Preservation Foundation's Hope hotline at 1-888-995-HOPE (4673).

If you disagree with the assertion that a default has occurred or the correctness of the calculation of the amount required to cure the default, you may contact us at 8004957166. You may also visit our website www.fayservicing.com. Our call center is open Monday to Thursday 8:00am to 7:00pm CST Friday 8:00am to 5:00pm CST Saturday 09:00am to 12:00pm CST.

Sincerely,

Fay Servicing, LLC
425 S. Financial Place, 20th Floor
Chicago, IL 60605
8004957166

**Fay Servicing, LLC es un cobrador; este es un intento por cobrar una deuda y cualquier información que se obtuvo se usará para ese propósito.**

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-003029-22**

**Case Caption:** REMPEL BRENDAN VS FAY SERVICING, LLC
**Case Initiation Date:** 11/01/2022
**Attorney Name:** JOSEPH K JONES
**Firm Name:** JONES WOLF & KAPASI, LLC
**Address:** 375 PASSAIC AVE
FAIRFIELD NJ 07004
**Phone:** 9732275900
**Name of Party:** PLAINTIFF : REMPEL, BRENDAN
**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** COMPLEX COMMERCIAL
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: BRENDAN REMPEL?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/01/2022                                                                                              /s/ JOSEPH K JONES
Dated                                                                                                             Signed