**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRENDAN REMPEL, on behalf of himself and all others similarly situated, | |
| Plaintiff(s), | Civil Action No. 22-6960 (MAS) (TJB) |
| v. | **MEMORANDUM ORDER** |
| FAY SERVICING, LLC, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon its December 8, 2022, Order to Show Cause (the "December Order") regarding whether this Court has subject-matter jurisdiction over this action pursuant to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). (ECF No. 6.) Defendant Fay Servicing, LLC ("Fay Servicing") filed a memorandum of law in support of this Court's jurisdiction (ECF No. 13), and Plaintiff Brendan Rempel ("Rempel") opposed (ECF No. 17). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court remands the case to state court.

This action arises out of Rempel's claims that Fay Servicing violated the New Jersey Declaratory Judgment Act ("NJDA"), 28 U.S.C. § 2201(a), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Notice of Removal ¶ 3, ECF No. 1.) The Court recites only

the facts necessary to contextualize the present Memorandum Order.[1] On or about February 23, 2022, Fay Servicing sent Rempel a "Notice of Intention to Foreclose" Letter (the "Collection Letter"). (*See generally* State Action Compl., Ex. A, ECF No. 2.) The Collection Letter provided that: (1) Rempel was in default; (2) Rempel owed $75,702.46 to cure the default; (3) the alleged principal balance of his debt was $922,819.03; and (4) any written requests should be addressed to Fay Servicing. (State Action Compl. ¶¶ 27-32.) Rempel could not determine who the creditor of the debt was nor which of the provided balances was the amount of debt owed. (*Id.* ¶¶ 32-33.) As a result, Rempel alleges that Fay Servicing knew or should have known that it had violated the FDCPA. (*Id.* ¶ 36.)

On November 3, 2022, Rempel filed a putative class action in the Superior Court of New Jersey, Monmouth County, against Fay Servicing alleging that Fay Servicing used false, misleading, and deceptive statements in its attempt to collect a residential debt from Rempel. (*Id.* ¶¶ 2, 4-5.)[2] On December 2, 2022, Fay Servicing timely removed this case to this Court. (*Id.* ¶ 5.) On December 8, 2022, this Court ordered Fay Servicing to brief the Court on the Court's subject-matter jurisdiction over the action pursuant to *TransUnion*. (Dec. Order, ECF No. 6.) On December 28, 2022, Fay Servicing filed its memorandum of law in support of this Court's subject-matter jurisdiction. (Def.'s Br. 1, ECF No. 13.) Fay Servicing contends that this Court has federal-question jurisdiction because Rempel asserts claims "redressable solely by a specific federal statute – FDCPA." (*Id.* at 4.) Fay Servicing also asserts that Rempel suffered a concrete

---

[1] The Court accepts all of a plaintiff's allegations as true when examining Article III standing. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016) (citations omitted).

[2] The Court notes that there is an on-going foreclosure proceeding in state court. *See generally* Def.'s Br. Ex. A, ECF No. 13-2; Pl.'s Mot. for Summ. J., *Mill City Mortg. Loan Tr. 2018-4, Wilmington Sav. Fund Soc'y, FSB v. Rempel*, No. 3133-22 (N.J. Super. Ct. Law Div. Monmouth County Ct. Jan. 27, 2023), CHC202328141.

2

injury because he "did not pay the debt allegedly owed and is now a defendant to a foreclosure action for defaulting on the mortgage debt." (*Id.* at 6-7) (*See generally* Def.'s Br. Ex. A, ECF No. 13-2.) Finally, Fay Servicing asserts that Rempel also has standing because he seeks restitution. (*Id.* at 9-10.)

In response, Rempel argues that he does not "allege a physical or monetary harm" but rather only that Fay Servicing's Collection Letter contained misleading information. (Pl.'s Br. 7, ECF No. 17.) In support of his position, Rempel notes that Fay Servicing "doom[ed] its argument" by stating the foreclosure proceedings "'can [only] potentially result in termination of Plaintiff's home ownership.'" (*Id.* at 8 (emphasis omitted) (quoting Def.'s Br. 4).) Further, Rempel argues that he has only pled statutory damages under the FDCPA and is not seeking restitution. (*Id.* at 10.)

The Court agrees with Rempel insomuch as it finds that he does not allege a concrete injury, and, thus, he does not have Article III standing to bring his claims in this Court. Federal courts have limited subject-matter jurisdiction. *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 413 (3d Cir. 2021). In examining subject-matter jurisdiction, a court must determine whether a plaintiff has Article III standing. *TransUnion*, 141 S. Ct. at 2203. To establish Article III standing, a plaintiff must demonstrate "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Finkelman*, 810 F.3d at 193. The "injury in fact" inquiry is often determinative of standing. *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 205 (3d Cir. 2021) (citations omitted). "A plaintiff seeking to establish [an] injury in fact 'must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). A particularized injury is one that "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan v. Def.. of Wildlife*, 504 U.S. 555, 560 n.1

(1992) (internal quotations omitted)). A concrete injury is "real, and not abstract." *Lujan*, 504 U.S. at 560 (internal quotations omitted). "[C]oncreteness turns on whether the alleged injury has a '"close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit in American courts.'" *Foley v. Medicredit, Inc.*, No. 21-19764, 2022 WL 3020129, at *2 (D.N.J. July 29, 2022) (quoting *TransUnion*, 141 S. Ct. at 2204). Concrete injuries can include "traditional physical and monetary injuries and intangible injuries like harm to reputation." *Id.* Such injuries create standing only for a party "who [has] been *concretely harmed* by a defendant's statutory violation." *Id.* at 2205.

Here, Rempel's injury is particularized because it is individual and personal as it relates to an alleged debt he owes. (State Action Compl. ¶¶ 27-32.) There is, however, no concrete injury alleged. Instead, Fay Servicing relies on the *possible* foreclosure of Rempel's alleged property as establishing that Plaintiff suffered an injury-in-fact. (Def.'s Br. at 4.) (arguing that "Plaintiff's Complaint . . . ignores that the Notice of Intention to Foreclose is a statutory precondition to a foreclosure action in New Jersey, which will lead to a foreclosure action[3] and can *potentially* result in the termination of Plaintiff's home ownership.") The Court cannot adjudicate matters predicated

---

[3] The Court notes that, perplexingly, Fay Servicing attempts to independently insert allegations of harm on behalf of Rempel that Rempel himself does not allege, i.e. that Rempel was harmed by the filing of a foreclosure action. (Def.'s Br. at 4.) To be clear, the Court rejects these attempts in full. When assessing Article III standing, the Court must rely only on the allegations of harm in the complaint. *Finkelman*, 877 F.3d at 511 (providing that the plaintiff bears the burden of establishing he has Article III standing and that the court uses the same standard of review for standing that it uses when assessing a motion to dismiss for failure to state a claim); *Deutsch v. D&A Servs. LLC*, No. 22-1042, 2023 WL 2987568, at *3 (3d Cir. Apr. 18, 2023) (noting in the context of an FDCPA injury that Article III standing is assessed based on the allegations in plaintiff's complaint); *see also Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 706 (6th Cir. 2015) ("[the court's] analysis must be confined to the four corners of the complaint") (citation omitted). As Rempel does not allege that the filing of a foreclosure action caused him any injury, Defendant is mistaken in focusing on such event as a basis for Article III standing. Importantly, even if the Court did credit Fay Servicing's attempts to insert its own allegations of harm on behalf of Rempel, the Court notes that Fay Servicing provides no legal support for the proposition that the initiation of a foreclosure action constitutes a concrete harm. (*See generally* Def.'s Br.)

on possible future harms. Instead, there must be some actual harm to establish standing. *Transunion*, 141 S. Ct. at 2213 ("[T]he risk of future harm on its own does not support Article III standing"); *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. And Liab. Litig.*, 903 F.3d 278, 286 (3d Cir. 2018) ("[S]peculation is not enough to sustain Article III standing."). Accordingly, because there is no concrete injury, Rempel lacks standing under Article III to have this matter adjudicated in federal court.

Further, Fay Servicing failed to show that Rempel seeking restitution damages establishes Article III standing. In advancing its theory, Fay Servicing contends that "Plaintiff's allegations extend beyond statutory relief because Plaintiff seeks restitution for Defendant's 'wrongdoing,'" and, therefore, Rempel has Article III standing. (Def.'s Br. 9.) The Court disagrees that anytime a plaintiff seeks restitution, the plaintiff has Article III standing. Importantly, Fay Servicing provides no relevant legal analysis to support this conclusion, and the Court cannot independently find any persuasive case law crediting this assertion. *But see In re Johnson & Johnson*, 903 F.3d at 286 (providing at least one example where a plaintiff seeking restitution damages was found to not have Article III standing simply by virtue of seeking restitution). For the reasons outlined above,

**IT IS** on this 13th day of July 2023, **ORDERED** as follows:

1. This matter is **REMANDED** to the Superior Court of New Jersey, Monmouth County.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

5